## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, 1331 F Street NW, Suite 900 Washington, DC 20004,  Plaintiff, v.  U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue NW Washington, DC 20530,  Defendant. | Civil No. 1:22-cv-03025-RC |

## DEFENDANT'S ANSWER

Defendant, the United States Department of Justice ("DOJ"), by and through its undersigned counsel, hereby answers the numbered paragraphs of the Complaint (Dkt. No. 1) filed by Plaintiff Citizens for Responsibility and Ethics in Washington on October 6, 2022, as follows:

1. This paragraph sets forth Plaintiff's characterization of this lawsuit to which no response is required.

2. This paragraph contains Plaintiff's characterization of this lawsuit, conclusions of law, and demands for relief, to which no response is required, but insofar as an answer is deemed necessary, DOJ denies the allegations and denies that Plaintiff is entitled to the relief requested or to any other relief.

3. This paragraph consists of legal conclusions to which no response is required.

4. This paragraph consists of legal conclusions to which no response is required.

5. DOJ lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. DOJ admits that for purposes of the FOIA, DOJ is an agency of the United States Government and that the Office of Professional Responsibility ("OPR") is a component of DOJ. Whether DOJ has possession, custody, and control of the requested records is a legal conclusion to which no response is required.

7. Admit.

8. DOJ admits that between fiscal years (FYs) 2010 and 2021, OPR received several professional misconduct complaints against judges and referred some of those complaints to disciplinary bodies. DOJ respectfully refers the Court to OPR's Annual Reports (FYs 2010-2021) for complete and accurate statements of their contents and denies any inconsistent allegations.

9. Admit. DOJ respectfully refers the Court to OPR's Annual Reports (FYs 2010-2021) for complete and accurate statements of their contents and denies any inconsistent allegations.

10. DOJ admits that it received two FOIA requests from Plaintiff on January 20, 2022. DOJ lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of this paragraph.

11. Admit. DOJ respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents.

12. Admit. DOJ respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents.

13. Admit.

14. DOJ admits that OPR received Plaintiff's two FOIA requests on January 20, 2022 and assigned the first request tracking number F22-00033 and the second request tracking number F22-00034.

15. DOJ admits that, by response letters dated April 12, 2022, OPR denied Plaintiff's requests. DOJ respectfully refers the Court to OPR's April 12, 2022, response letters for complete and accurate statements of their contents and denies any inconsistent allegations.

16. DOJ admits that, on April 13, 2022, Plaintiff administratively appealed OPR's April 12, 2022, determinations to the Office of Information Policy ("OIP") and that OIP assigned Appeal No. A-2022-01086 to OPR Request No. F22-00033 and Appeal No. A-2022-01087 to OPR Request No. F23-00034.

17. Admit.

18. Admit.

19. DOJ admits that, by email dated September 30, 2022, OPR estimated that it would complete its processing of OPR Request No. F22-00033 on or about January 20, 2023, and its processing of OPR Request No. F22-00034 on or about August 18, 2023.

20. Admit.

21. DOJ incorporates by reference its responses to the preceding paragraphs.

22. The allegations in this paragraph consist of legal conclusions to which no response is required.

23. The allegations in this paragraph consist of legal conclusions to which no response is required.

24. The allegations in this paragraph consist of legal conclusions to which no response is required.

25. The allegations in this paragraph consist of legal conclusions to which no response is required.

26.     The allegations in this paragraph consist of legal conclusions to which no response is required.

27.     The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, DOJ denies that Plaintiff is entitled to the relief requested or any other relief.

The remainder of the Complaint sets forth Plaintiff's requested relief to which no response is required.  To the extent a response is required, DOJ denies that Plaintiff is entitled to the requested relief or to any relief.

DOJ denies all allegations in the Complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff is not entitled to compel the production of records or information exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552(b).

Dated: November 10, 2022

Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Taylor Pitz*
Taylor Pitz (CA Bar No. 332080)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 305-5200
taylor.n.pitz@usdoj.gov

*Counsel for Defendant*